IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEROMEY G. JONES,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, JIM SALMONSEN, and TERRIE STEFALO,[1]<br><br>Defendants. | CV 18-00075-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Jeromey Jones, a state prisoner proceeding without counsel, filed a Amended Complaint on April 5, 2019 alleging Defendants violated his freedom of religion in violation of the First Amendment to the United States Constitution. (Doc. 18.)  On May 28, 2019 he filed a document entitled "Declaration for Entry of Default" which has been construed as a motion for entry of default.  (Doc. 19.)

Mr. Jones declares that Defendants were served with a copy of the summons and the Complaint, more than 20 days have elapsed since Defendants were served, and Defendants failed to answer or otherwise defend.  (Doc. 19.)  Rule 55(a) of the

---

[1] The case style has been amended to reflect that Jim Salmonsen has been named as a Defendant in this matter.  The Clerk of Court is directed to add Mr. Salmonsen to the Court's docket.

1

Federal Rules of Civil Procedure provides, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Here, entry of default is not proper because Mr. Jones has not shown that defendants were properly served. *See Joe Hand Promotions, Inc. v. Talayarathe*, 2012 WL 1815622, *2-*3 (N.D. Cal. May 17, 2012) ("[S]ufficient service of process is a prerequisite to entry of default.") (*quoting Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1269 n.12 (D. Kan. 2008) ); *Bonita Packing Co. V. O'Sullivan*, 165 F.R.D. 610, 614 (C.D. Cal. 1995)(denying request for entry of default where plaintiffs had not properly served defendant).

Rule 4(h) of the Federal Rules of Civil Procedure requires that "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." While Mr. Jones filed a declaration signed under penalty of perjury stating that Defendants were served, Mr. Jones as a party to this case cannot complete service and his declaration is insufficient proof of service. *See* Fed.R.Civ.P. 4(c)(1)("Any person who is at least 18 years old and not a party may serve a summons and complaint.")

There being no indication that Defendants waived service of summons and there being no proper proof of service, the motion for entry of default will be denied.

Pursuant to the federal statutes governing proceedings in forma pauperis and cases filed by prisoners, federal courts must engage in a preliminary screening of a case to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a). The Court has considered whether Mr. Jones's Amended Complaint is frivolous, malicious, fails to state a claim, or seeks solely monetary relief from a defendant who is immune. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). It has also considered whether Mr. Jones has a reasonable opportunity to prevail on the merits. *See* 42 U.S.C. § 1997e(g). Dismissal is not appropriate at this time. The Court finds that Mr. Jones's allegations "are sufficient to warrant ordering [defendants] to file an answer." *Wilhelm v. Rotman*, 680 F.3d 1113, 1116 (9th Cir. 2012). Defendants Salmonsen and Stefalo must respond to the Complaint. *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that

plaintiff has a "reasonable opportunity to prevail on the merits," Defendant is required to respond).

As set forth in the Court's March 8, 2019 Order, Montana State Prison and the Montana State Prison Custodian are not a proper defendants and should be dismissed. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993)(absent waiver, neither a State nor an agency of the State acting under its control may "be subject to suit in federal court.").

Based on the foregoing, the Court issues the following:

**ORDER**

1. Mr. Jones's Declaration for Entry of Default (Doc. 19) is DENIED.

2. Pursuant to Fed. R. Civ. P. 4(d), the Court requests Defendants Salmonsen and Stefalo to waive service of summons of the Amended Complaint by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within 30 days of the entry date of this Order as reflected on the Notice of Electronic Filing. If these Defendants choose to return the Waiver of Service of Summons, their answer or appropriate motion will be due within 60 days of the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed. R. Civ. P. 12(a)(1)(B). *See also* 42 U.S.C. § 1997e(g)(2).

3. The Clerk of Court shall e-mail the following documents to Legal Counsel for the Montana Department of Corrections:

* Amended Complaint (Doc. 18);

* this Order;

* a Notice of Lawsuit & Request to Waive Service of Summons; and

* a Waiver of Service of Summons.

Counsel for the Montana Department of Corrections will not be served with a hard copy of these documents.

4. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

5. Mr. Jones <u>shall not</u> make any motion for default until at least 70 days after the date of this Order.

6. Pursuant to Local 26.1(d) "no party may begin discovery until a scheduling order has been issued."

5

7. The Clerk of Court is directed to add James Salmonsen as a Defendant in the Court's docket.

8. At all times during the pendency of this action, Mr. Jones must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

## RECOMMENDATIONS

Montana State Prison and the Montana State Prison Custodian should be DISMISSED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Jones may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[2] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Jones is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 31st day of May, 2019.

                                      */s/ John Johnston*
                                      John Johnston
                                      United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEROMEY G. JONES,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, JIM SALMONSEN, and TERRIE STEFALO,<br><br>Defendants. | CV 18-00075-H-DLC-JTJ<br><br><br>RULE 4 NOTICE OF A LAWSUIT AND REQUEST TO WAIVE SERVICE OF SUMMONS |

TO: Legal Counsel for the Montana
Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been filed against individuals you may represent in this Court under the number shown above. A copy of the Amended Complaint (Doc. 2) is attached. This is not a summons or an official notice from the court. It is a request that, to avoid the cost of service by the U.S. Marshals Service, you waive formal service of a summons by signing and returning the enclosed waiver. To avoid these expenses, you must file the signed waiver within 30 days from the date shown below, which is the date this notice was sent.

If you file the signed waiver, the action will then proceed as if Defendants were served on the date the waiver is filed, but no summons will be served on

1

Defendants and they will have 60 days from the date this notice is sent (see the date below) to answer the Complaint. If you do not return the signed waiver within the time indicated, the Court will order the U.S. Marshals Service to personally serve the summons and Amended Complaint on Defendants and may impose the full costs of such service. Please read the statement below about the duty to avoid unnecessary expenses.

DATED this 31st day of May, 2019.

                                  */s/ John Johnston*
                                  John Johnston
                                  United States Magistrate Judge

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does not include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JEROMEY G. JONES,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE PRISON, JIM SALMONSEN, and TERRIE STEFALO,<br><br>Defendants. | CV 18-00075-H-DLC-JTJ<br><br>RULE 4 WAIVER OF SERVICE OF SUMMONS |

TO:   The U.S. District Court for the District of Montana

The following Defendants acknowledge receipt of your request to waive service of summons in this case. Defendants also received a copy of the Amended Complaint (Doc. 2). I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Amended Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

The above-named Defendants understand that they will keep all defenses or objections to the lawsuit, the Court's jurisdiction, and the venue of the action, but waive any objections to the absence of a summons or of service.

1

Defendants also understand that they must file and serve an answer or a motion under Rule 12 within 60 days from the date when the Request for Waiver of Service of Summons was filed and if they fail to so default judgment will be entered against them.

Date: _____

_____
(Signature of the attorney
or unrepresented party)

_____
(Printed name)

_____
(Address)

_____
(E-mail address)

_____
(Telephone number)