IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| JEROMEY G. JONES, | CV 18–75–H–DLC–JTJ |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| MONTANA STATE PRISON and TERRIE STEFALO, | |
| Defendants. | |

Before the Court is the Findings and Recommendations ("F&R") of United States Magistrate Judge John Johnston, entered December 13, 2019, recommending that the Court dismiss this matter pursuant to Rule 41 of the Federal Rules of Civil Procedure. (Doc. 42.) Plaintiff Jeromey G. Jones ("Jones") filed a timely objection to the F&R on December 30, 2019. (Doc. 43.)

Jones is entitled to de novo review of those findings to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). Absent specific objection, a district court reviews a magistrate judge's findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error is "significantly

-1-

deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Judge Johnston recommends dismissal based on Jones' failure to comply with two court orders. (Doc. 42 at 1.) Under Rule 41(b), Fed. R. Civ. P., "if the plaintiff fails to prosecute or comply . . . with a court order, a defendant may move to dismiss the action or any claim against it." The Ninth Circuit recognizes that a district court "has the inherent power sua sponte to dismiss a case" on the same basis. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260. With this inherent power comes the "preferred practice" that the magistrate judge explicitly address the following factors before recommending that the district court dismiss for failure to comply with a court order:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 641–42 (9th Cir. 2002).

On August 8, 2019, Judge Johnston ordered the parties to file initial disclosures and exchange documents relevant to their claims and defenses within 60

days. (Doc. 31 at 1–2.) Defendants filed a disclosure on October 4, 2019 in compliance with the Order (Doc. 39); Jones failed to likewise file a disclosure before the 60-day deadline passed. Then, on November 7, 2019, Judge Johnston ordered Jones to file his disclosure by December 6, 2019 (Doc. 41), constituting a sua sponte extension to file of nearly 60 days. Again, Jones failed to comply. The docket report in this case shows that the Clerk of Court mailed both orders to Jones, and there is no evidence that they were returned as undeliverable. After analyzing the *Pagtalunan* factors, Judge Johnston determined that dismissal was appropriate under the circumstances. (Doc. 42 at 2–4.)

In his objection, Jones asserts that the court's procedures are "unlawful" and that the last "responce (sic) I recived (sic) from this court was the fact you were denying me council (sic)[.]" (Doc. 43 at 1.) Jones, however, does not lodge any specific objection or explanation as to why he has failed to respond to repeated orders to comply with his pretrial discovery obligations. Furthermore, and as noted already, nothing in the record indicates that mail from the Clerk of Court has failed to reach him. The Court is sympathetic to Jones' frustration with the law's procedural requirements. However, absent specific objection to Judge Johnston's findings, the Court reviews for clear error and agrees that dismissal under Rule 41 is appropriate here.

Accordingly, IT IS ORDERED that:

(1) The F&R (Doc. 42) is ADOPTED IN FULL, and this matter is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b).

(2) The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

(3) The Clerk of Court is directed to have the docket reflect that the Court certifies, pursuant to Rule 24(a)(3)(A), Fed. R. App. Proc., that any appeal of this decision would not be taken in good faith.

DATED this 2nd day of January, 2020.

Dana L. Christensen, Chief Judge
United States District Court